1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| ALEJANDRO OSORIO AMAYA,<br><br>                              Plaintiff,<br><br>         vs.<br><br>SENTRY CREDIT, INC.,<br><br>                              Defendant. | CASE NO.:<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)**<br><br>[Filed concurrently with Notice of Lodgment of State Court Pleadings and Civil Case Cover Sheet]<br><br>Complaint filed:  Not Filed |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

   **PLEASE TAKE NOTICE** that Defendant Sentry Credit, Inc. (hereinafter referred to as "Defendant") respectfully submits this Notice of Removal in this civil action from the Superior Court of Washington, County of King to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question.  Specifically, Plaintiff Alejandro Osorio Amaya (hereinafter referred to as "Plaintiff") asserts a claim for damages against Defendant arising out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA").

   In support of this Notice of Removal, Defendant, through its counsel, states as follows:

**PROCEDURAL BACKGROUND**

**DEFENDANT SENTRY CREDIT, INC.'S NOTICE OF REMOVAL**
Page 1
Case No. ___

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth St., Suite 1550
Las Vegas, NV 89101
(702) 577-9341

1.     Plaintiff commenced this action by serving a Complaint stylized as being venued in the Superior Court of Washington, King County on January 12, 2024, styled *Amaya v. Sentry Credit, Inc.,* (the "State Court Action").  *See* Complaint, attached hereto as Ex. A.

2.     The Complaint alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.  See* Complaint, ¶¶ 30-43.

3.     The Complaint was served on Defendant on January 12, 2024.  The Complaint has not been filed in the Washington Superior Court in and for King County, Washington.

**BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

4.     Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where state court action is pending.

5.     Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

6.     This Court has federal question jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because the Complaint alleges that Defendant violated the FDCPA by misrepresenting the debt. *See* Complaint, ¶¶ 30-43.

7.     Accordingly, this action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b).

**TIMELINESS OF REMOVAL**

8.     As noted above, the Complaint was served on Defendant on January 12, 2024.

9.     Defendant's Notice of Removal is timely because Defendant filed this Notice

**DEFENDANT SENTRY CREDIT, INC.'S NOTICE OF REMOVAL**
Page 2
Case No. ___

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth St., Suite 1550
Las Vegas, NV 89101
(702) 577-9341

**Gordon Rees Scully Mansukhani, LLP**
1 East Liberty Street, Suite 424
Reno, NV  89501

"within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

**VENUE**

10.     Venue is proper in this district and division because the State Court Action was initiated and served within the Washington Superior Court in and for King County, which is located within the United States District Court for the Western District of Washington.

**COMPLIANCE WITH REMOVAL PROCEDURES**

11.     Defendant has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.

12.     As noted above, the Notice of Removal is filed within 30 days of the service of the amended pleading from which it may first be ascertained that the case is one which is or has become removable.

13.     Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

14.     Defendant cannot file this Notice of Removal pursuant to § 1446(d), because Plaintiff has not filed this Action with the Superior Court of Washington for King County.

15.     Copies of all process, pleadings and orders served on Defendant are attached hereto. *See* Notice of Lodgment of State Court Pleadings, filed concurrently herewith.

**WHEREFORE**, for the foregoing reasons, Defendant removes this action from the Superior Court of Washington in and for King County to the United States District Court for the Western District of Washington and respectfully requests that this Court exercise jurisdiction over this action.

Dated:  February 12, 2024                    GORDON REES SCULLY MANSUKHANI

By:     *s/Bradley Taylor*
            Bradley Taylor, WSBA 18611
            Attorneys for Defendant Sentry Credit, Inc.

**DEFENDANT SENTRY CREDIT, INC.'S NOTICE OF REMOVAL**
Page 3
Case No. ___

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth St., Suite 1550
Las Vegas, NV 89101
(702) 577-9341

**Gordon Rees Scully Mansukhani, LLP**
1 East Liberty Street, Suite 424
Reno, NV  89501

# EXHIBIT A

# EXHIBIT A

1

2

3

4

5

6

7                          IN THE SUPERIOR COURT OF WASHINGTON
                               IN AND FOR KING COUNTY
8

9    ALEJANDRO OSORIO AMAYA,
                                               NO.
                    Plaintiff,
10                                             **SUMMONS**

11          vs.

12   SENTRY CREDIT, INC.,

13                  Defendant.

14   **TO THE DEFENDANT:  SENTRY CREDIT, INC.:**

15          A lawsuit has been started against you in the above-entitled court by the Plaintiff.  This claim

16   is stated in the written Complaint, a copy of which is served upon you with this Summons.

17          In order to defend against this lawsuit, you must respond to the Complaint by stating your

18   defense in writing, and by serving a copy upon the person signing this Summons within twenty (20)

19   days (in state) or sixty (60) days (out of state) after the service of this Summons, excluding the day of

20   service, or a default judgment may be entered against you without notice.  A default judgment is one

21   where a plaintiff is entitled to what has been asked for because you have not responded.  If you serve

22   a notice of appearance on the undersigned person, you are entitled to a notice before a default

23   judgment may be entered.

Summons - 1                                          **ANDERSON | SANTIAGO**
                                                     207B SUNSET BLVD. N.
                                                     RENTON, WA 98057
                                                     (206) 395-2665 / F (206) 395-2719

1       If you wish to seek the advice of an attorney on this matter, you should do so promptly so that

2   your written response, if any, may be served on time.

3       **THIS SUMMONS** is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

4   State of Washington.

5

    Respectfully submitted this 10th day of January, 2024.

6

7

                      **ANDERSON SANTIAGO, PLLC**

8

9                       By:_____

                    T. Tyler Santiago, WSBA No. 46004

10                      Jason D. Anderson, WSBA No. 38014

                    Attorneys for Plaintiff

11                      207B Sunset Blvd. N.

                    Renton, WA 98057

12                      (206) 395-2665

                    (206) 395-2719 (fax)

13

14

15

16

17

18

19

20

21

22

23

Summons - 2

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

ALEJANDRO OSORIO AMAYA,

              Plaintiff,

    vs.

SENTRY CREDIT, INC.,

              Defendant.

NO.

COMPLAINT FOR VIOLATIONS OF 15
U.S.C. § 1692 ET SEQ. AND RCW
CHAPTERS 19.16 AND 19.86 ET SEQ.

COMES NOW Plaintiff Alejandro Osorio Amaya, by and through counsel, who alleges:

## I.   **PARTIES AND JURISDICTION**

1.    Plaintiff Alejandro Osorio Amaya is an individual who resides in Washington State.

2.    Sentry Credit, Inc. ("Sentry"), a Washington Profit Corporation, WA UBI No. 601380642, is a debt collector and collection agency doing business in Washington, and who attempted to collect an alleged debt from the Plaintiff. Sentry's registered agent is Michael B. Mathis, located at 2809 Grand Ave., Everett, WA 98201.

3.    Sentry is a licensed Collection Agency in Washington State.

4.    Jurisdiction over Defendant is proper as Defendant is doing business in Washington State.

Complaint - 1

**ANDERSON|SANTIAGO**
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

## II.    FACTS

5.    In August 2023, Plaintiff Alejandro Osorio Amaya noticed that Defendant Sentry was reporting to all three credit bureaus that he owed over $14,000.00 based on a debt allegedly owed to Vista Property Management.

6.    According to his credit reports, Sentry had been reporting this debt to his credit since at least February 2023.

7.    Mr. Osorio Amaya was extremely confused because he had never had any dealings with Vista Property Management, or for that matter Sentry.

8.    Plaintiff called Sentry to try and understand why it would assert that he owed so much money.

9.    On information and belief, Sentry informed Mr. Osorio Amaya that he owed money and that he would have to pay it.  Plaintiff was extremely confused and shocked, as he had never incurred such a debt.

10.    In order to try and fix the issue that Sentry had thrust upon him, Mr. Osorio Amaya used his paid time off at work to deal with the problem and investigate solutions.

11.    On or about August 14, 2023, Mr. Osorio Amaya went directly to Sentry's office to try and understand what was happening.

12.    On arrival, Mr. Osorio Amaya was given a collection letter along with documents that allegedly supported the claim that he owed money.  A copy of the letter is attached as **Exhibit A**.

13.    Mr. Osorio Amaya was told by a representative of Sentry that he would have to pay the debt, and that it had been "linked" to him via his social security number.

Complaint - 2

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665 / F (206) 395-2719

1       14.     Mr. Osorio Amaya reviewed the documents that were provided to him, and he

2  became even more confused.  The documents concerned someone with an entirely different

3  name (also of Hispanic origin), and the debt was based on an apartment rental in Federal Way,

4  Washington.  The apartment was also rented by another person that Plaintiff did not know.

5       15.     Moreover, at the time that the alleged debt was incurred, Plaintiff lived in

6  Lynnwood, WA with his wife and three children.

7       16.     The documents provided to Mr. Osorio Amaya also stated that an amount of

8  $13,879.03 was allegedly due.  However, the credit reporting and other demands made to

9  Plaintiff were for over $14,000.  Thus, Sentry was adding some kind of fees, costs, or interest to

10  the amounts it claimed Mr. Osorio Amaya owed.

11       17.     Based on what Sentry had told him about his social security number, Mr. Osorio

12  Amaya grew concerned that someone might have been using his social security fraudulently,

13  although this offered little explanation for the fact that the name of the ostensible debtor simply

14  was not his own.

15       18.     Eventually, after numerous attempts, he was able to contact the supposed creditor,

16  Vista Property Management, where he was informed that his social security number was not

17  connected to the account in any way whatsoever.  Thus, it appeared that Sentry had simply

18  attached his social security number to someone else's account and reported it to the credit

19  bureaus under Mr. Osorio Amaya's name.  It is concerning that any individual would confuse

20  two names simply because they are of Hispanic origin, thus making the attempt seem deliberate.

21       19.     Over the next several weeks, armed with the knowledge that the creditor (Vista)

22  understood that Plaintiff did not owe money, Mr. Osorio Amaya called Sentry numerous times in

23  an attempt to resolve the issue and restore his creditworthiness.

Complaint - 3

ANDERSON | SANTIAGO
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

1      20.     Each time he was told by Sentry that he owed money, and that there was nothing

2    that could be done.

3      21.     At some point, Sentry realized that Mr. Osorio Amaya would not pay any money.

4    During a phone call, a representative for Sentry told Mr. Osorio Amaya that Sentry could not

5    speak with him any longer because it was not his account.  (This, of course, contradicted a

6    considerable number of debt collection attempts and other forms of harassment against Plaintiff.)

7    ***However, Sentry continued to issue adverse credit reporting which claimed that Plaintiff owed***

8    ***money.***

9      22.     Now left with no way to communicate with Sentry, Mr. Osorio Amaya lives in

10   fear of what Sentry will do next to impact his life and credit.

11      23.     As a result of the Defendant's actions detailed above, Plaintiff has incurred

12   expenses in seeking and retaining counsel in connection with ascertaining his legal rights and

13   responsibilities, and has been repeatedly harassed by Sentry on a debt that he objectively does

14   not owe.  He has suffered financial uncertainty, unease, and distress caused by Sentry's attempts

15   to collect money.

16              **III.**    **CAUSES OF ACTION**

17        **GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

18      24.     With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. §

19   1692a(3) and Defendant is a debt collector as defined by 15.S.C. § 1692a(6).

20      25.     With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW

21   19.16.100(8) and Defendant is a collection agency as defined by RCW 19.16.100(4).

22

23

Complaint - 4

26.     For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard.  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

## GENERAL ALLEGATIONS APPLICABLE TO CPA CLAIMS

27.     Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[1]  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

28.     Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

29.     Even minimal or nominal damages constitute "injury" under the CPA.  *Panag*, 166 Wn.2d at 57.  A plaintiff need not prove any monetary damages at all, as even "unquantifiable damages" may suffice to establish "injury" for purposes of the CPA.  *Id.* (citing *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

## Count 1

30.     A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.  Additionally, it is a violation to falsely represent the character, amount, or legal status of any debt.  § 1692e(2).

31.     In addition, a debt collector violates 15 U.S.C. § 1692e(10) if it "use[s] … any false representation or deceptive means to collect or attempt to collect any debt."  *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1104 (9th Cir. 2012).

32.     Moreover, communicating or threatening to communicate to any person credit

---

[1] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA…").

Complaint - 5

1    information which is known or which should be known to be false is a violation of the FDCPA.

2    15 U.S.C. § 1692e(8).

3        33.    Here, Sentry made numerous misrepresentations when it represented to Mr.

4    Osorio Amaya that he owed money for a debt that did not belong to him, on numerous occasions

5    including via credit reporting, phone calls, and a collection letter.

6        34.    Sentry also attempted to collect fees, costs, and/or interest from Mr. Osorio

7    Amaya that he absolutely did not owe.

8        35.    Sentry reported to the credit bureaus that Mr. Osorio Amaya owed money that he

9    actually did not owe on numerous occasions.

10       36.    Defendant therefore violated 15 U.S.C. § 1692e and/or § 1692e(2), e(8), and/or

11   e(10) with each collection attempt.

12                                       **Count 2**

13       37.    A debt collector may not use unfair or unconscionable means to collect or attempt

14   to collect any debt.  15 U.S.C. § 1692f.  The collection of any amount (including any interest,

15   fee, charge, or expense incidental to the principal obligation) unless such amount is expressly

16   authorized by the agreement creating the debt or permitted by law is unfair and/or

17   unconscionable.  15 U.S.C. § 1692f(1).

18       38.    Plaintiff realleges the factual allegations of Count 1, *supra.*

19       39.    In addition, by continuing to issue adverse credit reporting while refusing to

20   interact with Plaintiff, Sentry's conduct was either unfair, unconscionable, or both.

21       40.    Therefore, Defendant violated 15 U.S.C. § 1692f on numerous occasions.

22

23

Complaint - 6

**ANDERSON | SANTIAGO**
207B SUNSET BLVD. N.
RENTON, WA 98057
(206) 395-2665/F (206) 395-2719

**Count 3**

41.     A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  15 U.S.C. § 1692d.

42.     By placing a debt that he did not owe on Plaintiff's credit, and repeatedly demanding that he pay someone else's debt, Defendant engaged in conduct that was harassing, oppressive, and abusive to Mr. Osorio Amaya.

43.     Therefore, Defendant violated 15 U.S.C. § 1692d on numerous occasions.

**Count 4**

44.     RCW 19.16.250(21) prohibits attempts to collect amounts in excess of the principal other than allowable interest, collection costs or handling fees expressly authorized by statute.

45.     Here, Plaintiff did not owe any money at all, yet Sentry attempted to collect money from him on multiple occasions through telephone calls, credit reporting and collection letters.

46.     Additionally, Sentry was adding fees, interests, and/or costs to the balance when Mr. Osorio Amaya did not owe anything whatsoever.

47.     Defendant therefore violated RCW 19.16.250(21) on numerous occasions.

**Count 5 – CPA Violations**

48.     The Washington Supreme Court has held that a violation of debt collection status, including the FDCPA, serves as a predicate for a per se Consumer Protection Act Violation as a matter of law. *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009); *Hoffman v. Transworld Sys., Inc.,* 806 F. App'x 549 (9th Cir. 2020).

Complaint - 7

49.     The FDCPA violations identified, *supra*, also constitute per se violations of the Washington CPA.

50.     Plaintiff's injuries are stated *supra*.

51.     Thus, Defendant violated the CPA.

**Request for Injunctive Relief**

52.     A plaintiff may seek injunctive relief for violations of the Consumer Protection Act.  RCW 19.86.090.

53.     Plaintiff seeks injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from Plaintiff and any other person similarly situated.  *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

54.     A plaintiff may seek injunctive relief for violations of the Consumer Protection Act.  RCW 19.86.090.

55.     Plaintiff does seek injunctive relief from this Court which would enjoin Defendant from collecting debts in the manner described above from Plaintiff and any other person similarly situated.  *Scott v. Cingular Wireless*, 160 Wn. 2d 843, 853 (2007).

56.     Plaintiff seeks an injunction prohibiting Defendant from its unlawful collection tactics, including demanding money not owed, attributing debts to consumers who do not owe them and reporting to the credit bureaus, and leaving consumers hanging as to their financial fate by refusing to discuss the collection matter with the consumers.

57.     Plaintiff has reason to believe these actions make up a pattern and practice of behavior and have impacted other individuals similarly situated.

58.     Injunctive relief is necessary to prevent further injury to Plaintiff and to the Washington public as a whole.

Complaint - 8

IV.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.     For Judgment against Defendant for actual damages.

2.     For statutory damages of $1,000.00 for FDCPA violations.

3.     For statutory damages of $7,500.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations.

4.     For treble damages, pursuant to RCW 19.86.090, calculated from the damages determined by the court.

5.     For costs and reasonable attorney's fees as determined by the Court pursuant to 15 U.S.C. 1692k(a)(3).

6.     For injunctive relief pursuant to RCW 19.86.090 as described above.

Respectfully submitted this 10th day of January, 2024.

**ANDERSON SANTIAGO, PLLC**

By:_____

T. Tyler Santiago, WSBA No. 46004
Jason D. Anderson, WSBA No. 38014
Attorneys for Plaintiff
207B Sunset Blvd. N.
Renton, WA 98057
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

# EXHIBIT A

# SENTRY CREDIT, INC.
## 2809 GRAND AVENUE.
## EVERETT, WA 98201
## (800) 608-2581
### sentrycredit.com
### 8am to 5pm PST

*August 14, 2023*

████████████████

*831 S 299TH PL*
*FEDERAL WAY, WA 98003*

**RE:**    *SCI account # DSI4781*
         *Current Creditor: VISTA PROPERTY MANAGEMENT LLC*
         *Account # 831 S 299 PL*

*Dear Alex Osorio-amaya Gomez,*

Enclosed you will find the information you requested regarding your debt with Sentry Credit, Inc. After reviewing the information, contact us immediately to resolve this outstanding balance.

If you have any questions or to make arrangements, contact us at (800) 608-2581.

Respectfully,

**Compliance Department**
**Sentry Credit, Inc.**
**800-608-2581**

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**NOTICE: PLEASE SEE SECOND PAGE FOR IMPORTANT INFORMATION**

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify and declare that I am over the age of 18 years; I am an employee of Gordon & Rees LLP, and my business address is 5 Park Plaza, Suite 1100, Irvine, CA  92614. On **February 12, 2024,** I served a true and correct copy of the following: NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)**,** to the individuals listed below as follows:

**Attorneys for Plaintiffs**:
T. Tyler Santiago, Esq.
Jason D. Anderson, Esq.
Anderson Santiago, PLLC
207B Sunset Blvd. N
Renton, WA 98057
tyler@alkc.net

☐ U.S. Mail Postage Prepaid
☐ CM/ECF
☐ Hand Delivery
☒ Email:

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, and at whose direction the service stated above was made in the ordinary course of business. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 12, 2024, at Chino Hills, California.

Leslie M. Handy

Gordon Rees Scully Mansukhani, LLP
1 East Liberty Street, Suite 424
Reno, NV 89501

**DEFENDANT SENTRY CREDIT, INC.'S NOTICE OF REMOVAL**
Page 4
Case No. ___

**Gordon Rees Scully Mansukhani, LLP**
300 South Fourth St., Suite 1550
Las Vegas, NV 89101
(702) 577-9341

/75982729v.1